UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-262-RJC

| KEVIN EDWARD HEDGEPETH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| WILKES C., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 27, 2012. (Doc. No. 1).

**I.  PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff names as defendants Andrew Murray, the District Attorney for Mecklenburg County; defendant Doe, a magistrate; Lisa C. Bell, Chief District Court Judge in Mecklenburg County; defendant Curran, a clerk of superior court; and Wilkes C., a police officer employed by the Charlotte Mecklenburg Police Department.

Plaintiff alleges Wilkes is a nonjudicial official who "on June 21, 2011 sought and obtained a general warrant for arrest with malicious and wanton intentions" to seize Plaintiff and "restrain him of his liberty without due process of law" in violation of the United States and North Carolina Constitutions. (Id. at 3). Plaintiff contends that Wilkes was the "sole complainant to allegations respecting property and said property allegedly belonging to an entity other than Defendant Wilkes." (Id.).

Plaintiff alleges Defendant Magistrate Doe ordered that Plaintiff "be deprived of his liberty inconsistent with due process of law," when Doe ordered that Plaintiff be confined to the

1

Mecklenburg County Jail. (Id.). Plaintiff contends Defendant Doe knew that Plaintiff had been arrested on defective warrants in violation of the Fourth Amendment to the United States Constitution, and that Plaintiff was arrested on warrants "that were not the results of probable cause findings supported by oath or affirmation of a Grand Jury." (Id. at 4). Plaintiff states that Doe presided over his first appearance in court and ordered assignment of counsel which was not done in accordance with the requirements of due process or of North Carolina law. (Id. at 5).

Plaintiff alleges Defendant Murray, on or about June 21, 2011, advised and conspired with Defendant Wilkes to obtain the warrants for prosecution by Murray's office in violation of Plaintiff's constitutional rights. Plaintiff contends that Murray knew at all times that Plaintiff was not represented by counsel and had not waived his right to indictment. (Id.).

Plaintiff alleges Defendant Curran erred by failing to follow the procedure provided for by North Carolina law and by the Indigent Defense Services for the appointment of counsel. Plaintiff contends Curran was required to ensure that Plaintiff completed an affidavit of indigency prior to appointment of counsel in his criminal case, and that such affidavit should have been filed in the public record in his case, yet Plaintiff maintains that no affidavit of indigence was ever completed. (Id. at 6-7).

Plaintiff alleges that another Doe ("Doe II"), absent from the caption of his complaint, was assigned to represent him in the criminal matter, and that Plaintiff explained to Doe II that he did not consent to representation and he did not consent to the jurisdiction of the court over him. (Id. at 6).

In sum, Plaintiff contends that he should never have been arrested prior to the issuance of an indictment by the grand jury, with the grand jury alone having the power to charge him with the offense for which he was charged by the magistrate. Plaintiff contends that his constitutional

right to liberty has been violated, for among other reasons, the lack of indictment. Plaintiff seeks a trial by jury, and monetary damages against each defendant individually in the amount of $200,000 for "civil rights deprivations and denying him due process of law" and collectively in the amount of $500,000 for their intent to cause emotional distress. (Id. at 12). Finally, Plaintiff "demand[s] this court take judicial notice to the facts that complainant has been criminally kidnapped, and the state officials under legislative powers are responsible and are doing the unconstitutional acts on a wide scale . . . . . ." (Id. at 13).

## II.     STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court has conducted an initial review of Plaintiff's Complaint and has determined

that Plaintiff's Complaint must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted and because Plaintiff raises claims for monetary damages against defendants who are immune from such damages.

## III.     DISCUSSION

Plaintiff claims that his arrest violated his rights under the Fourth and Fifth Amendments because he was arrested following the issuance of a warrant rather than the issuance of an indictment found upon probable cause by a grand jury. (Id. at 4). Plaintiff contends his subsequent detention violates his constitutional rights because the detention stems from the failure to obtain an indictment and defendants have generally conspired to keep Plaintiff detained. Plaintiff contends that all of the defendants named in his Complaint are non-judicial officials and are therefore not protected by qualified or absolute immunity nor are they entitled to immunity under the Eleventh Amendment. (Doc. No. 1 at 2, 8).

The claims set forth in Plaintiff's Complaint are not actionable under Section 1983, and his Complaint must be dismissed. As explained below, Plaintiff's claim challenging his arrest by Defendant Wilkes is a direct challenge to the fact or duration of his confinement and is therefore not actionable in this Section 1983 Complaint; Plaintiff's claims against Defendant Magistrate Doe and Judge Bell are barred by the doctrine of judicial immunity; Plaintiff's claims against Defendant Murray are barred by the Eleventh Amendment and by the doctrine of prosecutorial immunity; Plaintiff's claims against Defendant Curran are barred by the doctrine of quasi-judicial immunity; and Plaintiff's claims against Doe II are barred because no action under § 1983 will lie against a defense attorney.

### A.     Defendant Wilkes

Plaintiff contends Wilkes violated his rights to due process of law by obtaining a warrant

4

for his arrest which resulted in his arrest and incarceration. Plaintiff also contends that Wilkes' actions violated his Fourth and Fifth Amendment rights and his rights under the North Carolina Constitution. (Doc. No. 1 at 3). Plaintiff alleges that Wilkes and the other named defendants conspired to pursue charges before the magistrate, Defendant Doe, rather than before a grand jury.[1] Plaintiff's effort to challenge the action of Wilkes in seeking and obtaining a warrant must fail.

Claims affecting the fact or duration of confinement generally may not be litigated under § 1983. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser v. Rodriguez, the Supreme Court considered the overlap between a case filed pursuant to 42 U.S.C. § 1983 and a case filed under the habeas corpus statute pursuant to 28 U.S.C. § 2254, and concluded that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Id. at 490.

In Heck v. Humphrey, the Supreme Court examined a case not covered by Preiser in which a petitioner seeks not immediate or speedier release, but monetary damages. The Heck Court concluded that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ. Heck, 512

---

[1] Plaintiff's effort to seek relief through this § 1983 action for alleged violations of his right to a grand jury as provided for under North Carolina law must fail because Section 1983 does not provide him an avenue to pursue alleged violation of rights afforded by state statutory or constitutional law. See generally Maine 448 U.S. at 5 (holding Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights); see also Gonzaga University, 536 U.S. at 283.

5

U.S. at 486-87. The Supreme Court requires that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In 2005, the Supreme Court clarified that § 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). The Wilkinson Court emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82. The Court noted that Section 1983 relief "remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." Id.

In the present case, Plaintiff raises a procedural challenge to his arrest based on a warrant issued by a state magistrate, Defendant Doe. Plaintiff's procedural challenge is that his arrest should only have followed the issuance of an indictment by the grand jury. Plaintiff's procedural argument presumes that he has the right to be indicted by a grand jury which is protected by federal law. Although it is unclear what Plaintiff was charged with, it is of no moment in this review of his Section 1983 Complaint, because whether misdemeanor or felony, Plaintiff does not have a right which is protected by federal law. Namely, federal law does not provide Plaintiff with the right to the issuance of an indictment by a state grand jury in state court proceedings. See Branzburg v. Hayes, 408 U.S. 665, 687 n.25 (1972) ("[I]ndictment by grand jury is not part

of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment.") (citing Hurtado v. California, 110 U.S. 516 (1884)).

The sole claim against Wilkes is that he conspired to circumvent the grand jury process in applying for and obtaining a warrant for Plaintiff's arrest. As Plaintiff has no federally recognized right to be first indicted by a state grand jury before being arrested on state charges, his claims against Wilkes must fail.

    B.        Defendant Magistrate Doe and Judge Bell

According to Plaintiff's Complaint, Defendant Doe is a magistrate who knew of Plaintiff's "right" to have the grand jury make findings of probable cause. Because Doe ignored this right and made a determination of probable cause which led to Plaintiff's arrest and detention, Plaintiff contends Doe is liable to Plaintiff for monetary damages.

"As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (citing Timmerman v. Brown, 528 F.2d 811 (4th Cir. 1975)). "That immunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." Id. (citing Stump v. Sparkman, 435 U.S. 349 (1978)). Plaintiff's action against Doe is simply not cognizable because issuing orders for arrest and making decisions on bail are actions which fall naturally within a magistrate's judicial capacity. See N.C. Gen. Stat. § 7A-272(3) (magistrates authorized to issue arrest warrants valid throughout the state) and § 7A-272(5) (magistrates authorized to grant bail before trial for any noncapital offense); see also Pressly, 831 F.2d at 517 (finding that under Virginia law "the general authority of magistrates to commit persons accused of crimes to jail is well established."). Plaintiff's claims against Defendant Doe for constitutional violations and for monetary damages must be dismissed under the doctrine of judicial immunity.

Likewise, Judge Bell is entitled to dismissal under judicial immunity.

C. Defendant Murray

Defendant Murray is the District Attorney for Mecklenburg County and a state official. Plaintiff's claims that Murray violated his federal constitutional rights are barred by the Eleventh Amendment to the United States Constitution and by the district attorney's absolute immunity. See Nivens v. Gilchrist, 444 F.3d 237, 248 (4th Cir. 2006) (claims against district attorney in his official capacity are barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity). Because Murray is a state official an action for monetary damages against him in his official capacity would have an adverse impact on the State and is therefore barred by the Eleventh Amendment. See Nivens, 444 F.3d at 250; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit).

Plaintiff's claims that Murray violated his "federal constitutional right to be indicted by a grand jury with regards to any capital or otherwise infamous crime" are not actionable in this Section 1983 for another reason which has previously been addressed. (Doc. No. 1 at 4). That is, Plaintiff is mistaken in his claim that he has a federal right to be indicted for state crimes in state court. See Branzburg, supra. Plaintiff has failed to allege a claim for relief against Murray in his official capacity which is cognizable under federal law and his claims against him must be dismissed.

Plaintiff has pled a claim for monetary damages against Murray in his individual capacity. (Doc. No. 1 at 12). "[P]rosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett v. Carter, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). In

8

Imbler, the Supreme Court held that "initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430. The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." Id. "In applying this rule, the Court of Appeals for the Fourth Circuit has held that the process of deciding whether to seek an indictment and to pursue a conviction based on an indictment returned by a grand jury is conduct 'intimately associated with the judicial phase of the criminal process.'" Puckett, 454 F. Supp.2d at 452 (citing Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996)).

Plaintiff has offered no allegations that Murray was acting outside the scope of his prosecutorial duties in this case. Plaintiff's claims against Murray will be dismissed.

D. Defendant Curran

Plaintiff does not specifically identify in what capacity Curran acted in the allegations he raises in his Complaint, although it appears that Curran worked as a clerk within the office of the Mecklenburg County Clerk of Superior Court's Office. Plaintiff alleges that "Defendant Curran knew that in order to process complainant as a party to an action listed in G.S. 7A-451(a) that the transaction of the completed and signed under oath affidavit of indigency by complainant was required by law." (Doc. No. 1 at 7). Plaintiff's principal complaint, it appears, is that Curran did not ensure that the affidavit of indigency was completed and filed in the public record which Plaintiff asserts is one of the "duties of her public office as required by law." (Id.). Plaintiff contends Curran's actions represent violations of North Carolina statutory law and the rules of the North Carolina Indigent Defense Services. (Id.). It is unclear how Plaintiff maintains he was harmed by Curran's alleged omission, but nevertheless, Plaintiff's allegations against Curran must be dismissed.

9

In her role as a clerk of the superior court, Curran has quasi-judicial immunity. Curran's duties in processing an affidavit of indigency on behalf of the district court is a responsibility well within the realm of her quasi-judicial immunity.

> Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved. Dennis v. Sparks, 449 U.S. 24 (1980); see also Gravel v. United States, 408 U.S. 606 (1972). Thus, clerks of courts have been ruled immune to suit under § 1983 when performing "quasi-judicial" duties. E. g., Smith v. Rosenbaum, 460 F.2d 1019 (3rd Cir. 1972) (setting bail pursuant to statute); Denman v. Leedy, 479 F.2d 1097 (6th Cir. 1973).

Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981).

Plaintiff avers in his Complaint that Curran was present and working within the Court during his first appearance. This leaves no doubt that Curran was performing functions in aide of and on behalf of the court. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court personnel such as Curran because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quotation omitted).

Plaintiff's claims against Curran in both her individual or official capacity are dismissed.

E.  Defendant Attorney Doe II

Plaintiff mentions Defendant Doe II in paragraph 21 when he alleges that "Defendant Doe or about June 22, 2011 assumed representation for complainant in criminal actions." (Doc. No. 1 at 5). Doe II is entitled to dismissal because no action will lie under Section 1983 against a defense attorney, whether privately retained, court-appointed, or a public defender. Defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (explaining that it is well

understood that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (dismissal of § 1983 complaint affirmed where claims against court-appointed attorney lacked necessary "state action" requirement); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of § 1983 action against retained counsel).

In the present case, Plaintiff has raised no allegations that Defendant Doe II was acting under color of state law and the claims against him will therefore be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

Plaintiff's Complaint under 42 U.S.C. § 1983, fails to state a claim upon which relief can be granted, and seeks monetary damages against defendants who are immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's Complaint will therefore be dismissed.

**IT IS, THEREFORE ORDERED** that:

1. Plaintiff's Application to Proceed without Prepayment of Fees or Costs, (Doc. No. 1-1), is **ALLOWED**; and

2. Plaintiff's Complaint is **DISMISSED** for failure to state a claim for which relief can be granted, § 1915A(b)(1), and because his Complaint seeks monetary relief against defendants that are immune from such relief. § 1915A(b)(2).

Signed: June 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge